IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH EASTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-00720-BL-SMD |
| | ) | |
| PUBLIX SUPER MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the court is Defendant Publix Super Markets, Inc.'s Motion for Summary Judgment. (Doc. 37). On August 11, 2026, the Magistrate Judge recommended granting the motion as to Plaintiff Elizabeth Eastman's wantonness claim and denying the motion as to Eastman's negligence claim. (Doc. 47 at 7). Publix filed objections to the Recommendation (doc. 48), and Eastman filed objections to the Recommendation (doc. 49). Publix filed a response to the Defendant's objections. (Doc. 50).

## I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

## II. Discussion

### A. Negligence

Publix objects that the Recommendation "assumes the existence of a defect" and allows Eastman to rely on "the only established fact" that "the door fell off of the trash can." (Doc. 48 at 2, 5). The court however disagrees because the record contains evidence identifying both the defect in the trash receptacle door and how it developed.

Publix's store manager, Justin Hatch, testified that Publix performed a "root cause analysis" to determine "what happened to cause the incident." (Doc. 37-2 at 11). Hatch identified that the cause of the door falling was because "the screws on the hinges on the trash receptacle became loose." (Doc. 37-2 at 11). Hatch testified that the screws became loose "[o]ver time," which he described as "[y]ears." (Doc.

37-2 at 11). Hatch further testified that he "was able to slide it back on, tighten the screws back up, and it was reinstalled … on to the trash receptacle." (Doc. 37-2 at 12). The court finds that this is evidence that the loose hinge screws were a particular defect and not simply evidence that a door fell. As such, the court agrees with the Magistrate Judge that "the trash receptacle door detached from its hinges as Eastman used it in its intended manner." (Doc. 47 at 5).

Publix also argues that Eastman has not shown that its inspection or maintenance was unreasonable. (Doc. 48 at 8-12). However, the court is not persuaded. Hatch testified that employees opened the trash receptacle door at least nightly to empty the trash. Hatch further testified that the screws became loose over the period in which employees regularly opened the trash receptacle door and that a vigilant employee "possibly" could have known of the condition. (Doc. 37-2 at 39-40).

The Supreme Court of Alabama has held that, once a plaintiff shows that "a defect in a part of the premises has caused an injury," the question of actual or constructive notice "will go to the jury." *Mims v. Jack's Rest.*, 565 So. 2d 609, 610 (Ala. 1990). The Court explained that a fixture "requires ordinary and reasonable maintenance in order to provide safe premises for the store's customers." *Id*. at 611. Publix points to evidence that Hatch had no pre-incident knowledge of "any issues with the door," that the associate who emptied the trash the night before said "there

was nothing wrong with it," and that Hatch knew of no earlier comparable incident. (Doc. 37-2 at 11, 39). The court notes that, while this evidence may bolster Publix's position at trial, it does not eliminate the factual dispute created by Hatch's testimony that loose screws developed over years on a trash receptacle door employees used at least daily. Further, the court agrees with the Magistrate Judge's finding that "genuine issues of material fact remain as to whether Publix breached its duty to maintain reasonably safe premises, and summary judgment on Eastman's negligence claim should be denied." (Doc. 47 at 6). As such, the court **OVERRULES** Publix's objections. (Doc. 48).

**B. Wantonness**

Eastman argues that the Magistrate Judge "ignored" Ed Grzybowski's affidavit, improperly drew inferences in Publix's favor, and treated the absence of prior complaints or incidents as dispositive. (Doc. 49 at 7, 9-11). Eastman further argues that wantonness "need not be proved by direct evidence." (Doc. 49 at 9). While the court agrees that circumstantial evidence may establish wantonness, it does not agree that the Recommendation made prior incidents dispositive.

"To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Hilyer v. Fortier*, 227 So. 2d 13, 22 (Ala. 2017) (quotation marks omitted). In other words, the evidence must show that

Publix knew its conduct would "likely or probably result in the injury allegedly suffered by" the Plaintiff. *Wal-Mart Stores, Inc. v. Thompson*, 726 So. 2d 651, 654 (Ala. 1998).

While the court agrees that the evidence presented could support a finding that Publix should have found the loose screws, it does not agree that the evidence supports a finding that Publix actually knew before Eastman was injured that this trash receptacle door was likely to fall off. Hatch testified that Publix had not been aware of any problems with the door before the injury. (Doc. 37-2 at 39). Hatch further testified that he knew of no comparable door that had "fallen off," been "loose," or caused customer injuries. (Doc. 37-2 at 39).

Eastman relies on Grzybowski's affidavit, which states that the condition "should have been detected" and that Publix had "actual knowledge that hinges can loosen and that loose hinges can be hazardous." (Doc. 44-1 at 13-14). However, the court finds that the affidavit *does not* identify evidence that Publix knew, before Eastman's injury, that the screws on this trash receptacle door were loose. As such, the affidavit does not establish the conscious awareness of probable injury that wantonness requires.

Eastman also relies on Hatch's post-incident instruction that employees should "pay attention to the door" when emptying the trash and report "any looseness in any of the hinges." (Doc. 37-2 at 22). While the court agrees that

Hatch's testimony shows a post-incident effort to identify loose hinges on trash receptacle doors, it does not agree that the evidence shows that Publix consciously disregarded a known danger before Eastman's injury. Thus, the court agrees with the Magistrate Judge that the record contains no evidence that Publix "consciously chose to ignore a known maintenance issue." (Doc. 47 at 7). As such, the court **OVERRULES** Eastman's objections.

Because Eastman and Publix have failed to identify an error in the Magistrate Judge's factual finds or legal conclusions, the court **OVERRULES** Eastman's objections (doc. 49) and Publix's objections (doc. 48).

## III. Conclusion

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and **ORDERS** as follows:

1. Publix's Objection to the Report and Recommendation of the Magistrate Judge (doc. 48) is **OVERRULED**.
2. Eastman's Objection to the Report and Recommendation of the Magistrate Judge (doc. 49) is **OVERRULED**.
3. Publix's Motion for Summary Judgment (doc. 37) is **GRANTED in part** and **DENIED in part**.

a. Publix's Motion for Summary Judgment (doc. 37) is **GRANTED** as to Eastman's wantonness claim.

b. Publix's Motion for Summary Judgment (doc. 37) is **DENIED** as to Eastman's negligence claim.

**DONE** and **ORDERED** on this the 21st day of September, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE